Argued October 20, 1978, affirmed January 29, 1979

# PIONEER TRUST COMPANY, *Respondent,*
## *v.*
## HEALY et al, *Respondents,*
## HARDY et al, *Appellants.*
## (No. 97119, CA 10572)
### 589 P2d 1128

Janice M. Stewart, Portland, argued the cause and filed the briefs for appellants.

James N. Westwood, Portland, argued the cause for respondent Asa Lewelling. With him on the brief were Miller, Anderson, Nash, Yerke & Wiener, Clifford N. Carlsen, Jr., and John R. Bakkensen, Portland.

No appearance for respondent Pioneer Trust Company, an Oregon banking corporation.

No appearance for respondents Frank J. Healy, Corporation Commissioner, State of Oregon; First California Company Incorporated, a California corporation; American Insurance Company, a California corporation; Insurance Company of North America, a Pennsylvania corporation; United States National Bank of Oregon, a national banking corporation; Buckbee Thorne & Co., a California corporation; Ernest Robertson; Mrs. A. C. F. Perry; Vincent Jorgenson; Dorothy M. Reeder, Mrs. Loeta Gies; Mrs. Bertha Thomas Scellars; Leonard Seifer; Martha Seifer; Marens Maltby, M.D.; Winfield H. Needham, M.D.; M. J. Coen; and Also All Other Persons Or Parties Unknown Claiming Any Right, Title or Interest In The Personal Property Described In The Complaint Herein.

Before Schwab, Chief Judge, and Richardson and Joseph, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

Appellants are partners in a Portland law firm (law firm). They appeal from a summary judgment awarding the entire balance of a fund, which was deposited with plaintiff Pioneer Trust Company, to the defendant Lewelling. The law firm contends that it had a right superior to Lewelling's to part of the fund. We affirm.

In 1973, the defendant First California Company (FCC) was a registered broker-dealer under the provisions of ORS ch 59. FCC desired to terminate its Oregon operations and transfer them to another Oregon dealer. At that time, the defendant Healy, as Oregon Corporation Commissioner, was investigating certain transactions of one of FCC's employes. As a condition of permitting FCC to terminate its operations, Healy required FCC to deposit $150,000 with him for the purpose, among others, of protecting customers who were damaged by the transactions of the employe Healy had investigated. FCC and Healy in turn deposited the $150,000 fund with plaintiff under what was designated an "escrow."

The escrow instructions, executed by Healy and FCC on September 20, 1973, provided that the fund was to remain in escrow for a period of three years, after which plaintiff was to pay any remaining assets to FCC. The instructions further provided that plaintiff was to

"pay such sums to * * * individuals and firms as we [Healy and FCC] may *jointly* direct you in writing from time to time." (Emphasis supplied.)

On May 19, 1975, Lewelling obtained a judgment against FCC in a United States District Court proceeding, based upon transactions involving the FCC employe who had been investigated. The amount of the judgment substantially exceeded the then-remaining balance in the fund deposited with plaintiff. A member of the law firm was counsel for FCC in the federal proceeding. On May 7, 1975, while that

proceeding was pending, FCC purported to assign $15,000 from the fund to the law firm, apparently as compensation for professional services.[1] In June, 1975, to obtain partial satisfaction of his judgment, Lewelling served a notice of garnishment on Healy for the entire remaining balance of the fund. Lewelling excepted to Healy's answer to the garnishment, and the federal court ruled that the balance of the fund was recoverable by Lewelling through the garnishment.[2]

In September, 1976, plaintiff brought this state court interpleader action to require all defendants having any claims or possible claims to the fund to litigate them. Lewelling and the law firm both appeared in the interpleader action to assert their claims. Both moved for summary judgment. The trial court allowed Lewelling's motion and awarded the entire balance of the fund to him, less attorney fees for plaintiff.

We agree with the result reached by the trial court. The provision of the escrow instructions earlier quoted precluded FCC from making a unilateral assignment or transfer of monies from the fund as long as the escrow remained in effect. The purported assignment could have been no more than a contingent promise by FCC to pay the law firm up to $15,000 from the fund if, at the time the escrow terminated, there were remaining assets in the fund. While the escrow was still in effect, Lewelling served the notice of garnishment which resulted in the federal court's adjudication that he was entitled to the remaining balance of the fund. Therefore, the contingency upon which the law firm's claim depended did not occur.

Affirmed.

---

[1] No money from the fund was actually delivered to the law firm.

[2] We are not called upon here to decide whether the fund in the possession of plaintiff could be reached by the garnishment of Healy, because, as noted, the federal court concluded that the fund could be reached by that means and that decision is not before us for review.